UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HERNANDEZ, et al.**                                      **CIVIL ACTION**
**Plaintiffs**

**VERSUS**                                                 **No. 13-5783**

**STATE FARM GENERAL**                                     **SECTION "E"**
**INSURANCE COMPANY, et al.**
    **Defendants**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by defendant Frank Capella ("Capella").[1] Plaintiffs, Gale Hernandez and Douglas Hernandez ("Plaintiffs"), did not file an opposition to Capella's motion.

## BACKGROUND

On August 28, 2013, Plaintiffs filed suit in the 25th JDC against State Farm General Insurance Company ("State Farm"), Dale Adams (individually and as an agent for State Farm), Allstate Insurance Company ("Allstate"), and Frank Capella (individually and as an agent for Allstate).[2] Plaintiffs had a homeowners' policy with State Farm and a flood insurance policy with Allstate. Plaintiffs claim Allstate negligently miscalculated the damage to their home caused by Hurricane Isaac and Allstate failed to pay amounts owed under the policy. Plaintiffs allege they were not paid any amounts by State Farm under the homeowners' policy. Besides alleging Frank Capella and Dan Adams issued the insurance policies to Plaintiffs (on behalf of Allstate and State Farm), the state court petition made

---

[1] R. Doc. 28.

[2] R. Doc. 1-2, State Court Petition.

1

no allegations against either Frank Capella or Dan Adams.[3]

Allstate removed Plaintiffs' suit on September 9, 2013.[4] Capella thereafter filed a motion to dismiss Plaintiffs' claims against him under Federal Rule of Civil Procedure 12(b)(6).[5] Capella argued Plaintiffs' state court petition included no allegations against him, and even if Plaintiffs had alleged any claims against Capella, Louisiana law did not provide a cause of action against an insurance agent for failing to advise a client as to the amount of coverage limits they should carry.[6] Capella also argued Plaintiffs were charged with constructive knowledge of their policy's provisions because Allstate is a participant in the National Flood Insurance Program ("NFIP"). As such, the provisions of the insurance policy are made available to the public and Plaintiffs were responsible for familiarizing themselves with the policy.[7]

Plaintiffs sought and obtained leave to amend the allegations of paragraph 13 of their state court petition to include specific claims against Capella and Adams.[8] Plaintiffs' amended complaint alleges Capella and Adams were negligent in procuring insurance policies for the Plaintiffs, in not properly valuing the Plaintiffs' property, and in failing to

---

[3] R. Doc. 1-2, State Court Petition, p. 3. Plaintiffs include a claim against Jonathan Malone (as an agent for State Farm), for negligently procuring homeowners and/or flood insurance for plaintiffs and not valuing the property and negligently advising plaintiffs as to the correct limits of coverage and/or properly advising plaintiffs as to the purchase of the correct amount of insurance to cover their home. Jonathan Malone is not mentioned elsewhere in Plaintiffs' state court petition.

[4] R. Doc. 1. Allstate removed the case based on its status as a Write-Your-Own ("WYO") Program carrier participating in the U.S Government's National Flood Insurance Program ("NFIP") and 42 U.S.C. § 4072. The Court also has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

[5] R. Doc. 7.

[6] R. Doc. 7.

[7] R. Doc. 7.

[8] R. Doc. 19. Plaintiffs' amendment does not include any allegations against Jonathan Malone.

properly advise Plaintiffs as to the correct limits of coverage to fully cover their home.[9] Alternatively, Plaintiffs allege Capella and Adams were negligent in procuring insurance, the limits of which could never be obtained given the property insured.[10]

Capella filed a second motion to dismiss Plaintiffs' amended complaint under Rule 12(b)(6). In his second motion, Capella asserts Plaintiffs' amended complaint fails to state a claim under Louisiana law. Although Plaintiffs did not file an opposition to Capella's second motion to dismiss, they did oppose Capella's first motion to dismiss and addressed some of the arguments made in Capella's second motion.[11]

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzales v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[9] R. Doc. 20. Because Plaintiffs' sought and obtained leave to file an amended complaint, Capella's first Motion to Dismiss (Doc. 7) is moot.

[10] R. Doc. 20.

[11] R. Doc. 27.

3

>   reasonable inference that the defendant is liable for the misconduct
>   alleged." *Id.* It follows that "where the well-pleaded facts do not permit
>   the court to infer more than the mere possibility of misconduct, the
>   complaint has alleged - but it has not 'show[n]' - that the pleader is
>   entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing Plaintiffs' complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to Smith. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief." *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

In his second motion to dismiss, Capella primarily argues that Louisiana law does not impose a duty on an insurance agent to independently appraise an insured's property and advise the insured that he is underinsured or does not have the proper type of insurance. Plaintiffs, in responding to Capella's first motion to dismiss, argue Capella (as agent for Allstate), has a greater duty than merely procuring insurance. Citing *Durham v. McFarland*, Plaintiffs assert Capella's duty includes "advising his client with regards to recommended coverage..." 527 So.2d 403, 405 (La. Ct. App. 1988). Plaintiffs maintain the *Durham* holding was adopted by the Fifth Circuit, which held the agent "must guarantee that the policy which he acquires meets at least the insured's specific needs..." *Offshore*

4

*Production Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230 (5th Cir. 1990). Plaintiffs contend Capella failed to advise them to purchase a sufficient amount of insurance.

Plaintiffs' reliance on *Durham* is misplaced. As other Sections of this Court have noted, *Durham* "has been consistently undermined by subsequent Louisiana cases." *Green v. Guidry*, 2012 WL 5507286, at *4 (E.D. La. Nov. 14, 2012). The Louisiana Supreme Court in *Isidore Newman* found:

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or amount of insurance coverage the client needs.

*Isidore Newman School v. J. Everette Eaves, Inc.* 42 So. 3d 352 (La. 2010). This Court has followed *Isidore Newman* and dismissed similar claims against insurance agents. *See Picou v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 179636, at *2 (E.D. La. Dec. 20, 2013); *Morin v. Am. Bankers Ins. Co. of Florida*, 2013 U.S. Dist. LEXIS 161162, at *2 (E.D. La. Nov. 12, 2013); *Green*, 2012 WL 5507286, at *4.

Plaintiffs' reliance on *Offshore Production Contractors* is also misplaced. In that case, the Fifth Circuit held an plaintiff's insurance broker was more than a mere "order taker for the insured" because the broker knew of a specific risk for which his client desired coverage and had worked over 30 years in the insurance industry specializing in insuring enterprises similar to that of the plaintiff's. 910 F.2d at 230. Under those circumstances, the court found the insurance broker's duties included "advising his client with regard to recommended coverage" and informing him when the policy he procured did not cover "a

5

specific risk about which the client expressed concern." *Id.* at 230-31.

In essence, the allegations against Capella are that he negligently procured insurance for the Plaintiffs because he failed to properly value the property and failed to properly advise the Plaintiffs as to the correct amount of insurance to cover their home. Plaintiffs' complaint does not allege Capella knew of any specific risk for which the Plaintiffs had expressed concern. Thus, on its face, Plaintiffs' amended complaint alleges nothing more than the failure of Capella to properly advise them of the correct amount of insurance coverage, a claim that is not legally cognizable under *Isidore Newman.*

## CONCLUSION

Accordingly, **IT IS ORDERED** that Capella's motion to dismiss be and hereby is **GRANTED**.

New Orleans, Louisiana, this 11th day of April, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**